# Illinois Official Reports

## Supreme Court

---

### *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311

---

| | |
|---|---|
| Caption in Supreme Court: | BAC Home Loans Servicing, LP, f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP, Appellee, v. KIM E. MITCHELL, Appellant. |
| Docket No. | 116311 |
| Filed | March 20, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where a debtor's first appearance in a defaulted mortgage proceeding was posttrial, with a motion to vacate based on defects in the substituted service which had been attempted, the debtor had made a waiver, but it was prospective only and did not retroactively validate earlier orders entered without personal jurisdiction, which should be vacated. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Laura Cha-Yu Liu, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Daniel J. Voelker and Tricia L. Putzy, of Voelker Litigation Group, of Chicago, for appellant.<br><br>Steven F. Smith, Ashley H. Nall and Amy E. Breihan, of Bryan Cave LLP, of Chicago for appellee. |

Justices

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.
Chief Justice Garman and Justices Freeman, Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1     In this case, we consider whether a party's waiver of objections to the circuit court's personal jurisdiction applies retroactively to validate orders entered prior to the party's submission to the court's jurisdiction. The appellate court held that the waiver applied both prospectively and retroactively. For the following reasons, we hold that a party's waiver of personal jurisdiction is prospective only and does not serve to validate retroactively orders entered by the circuit court without personal jurisdiction. Accordingly, we reverse the appellate court's judgment and remand to the circuit court for further proceedings.

¶ 2                              I. BACKGROUND

¶ 3     Defendant, Kim E. Mitchell, executed a promissory note with Countrywide Home Loans, Incorporated, in the amount of $75,400. The note was secured by a mortgage on defendant's home in Chicago. Approximately four years later, plaintiff BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP, filed a complaint to foreclose the mortgage.

¶ 4     The special process server's affidavit states defendant was served with summons and complaint by substituted service on November 14, 2009. According to the affidavit, a copy of the process was left at defendant's residence with her daughter, Michelle Foreman, who also lived at the residence.

¶ 5     Defendant did not answer the complaint. Plaintiff mailed defendant a notice stating it intended to move for entry of a judgment of foreclosure and sale on June 9, 2010. On June 3, 2010, plaintiff filed a motion for order of default, a motion for judgment of foreclosure and sale, and a motion to appoint a selling officer. On June 9, 2010, the circuit court of Cook County granted plaintiff's motions, entering an order of default, an order appointing a selling officer, and a judgment for foreclosure and sale.

¶ 6     A notice of sale was mailed to defendant's address and a judicial sale was held on September 13, 2010. On August 2, 2011, plaintiff filed a motion for an order confirming the report of sale and distribution and for possession. Notice of the motion was mailed to defendant. The circuit court entered an order confirming the sale on September 14, 2011.

¶ 7     On October 12, 2011, defendant filed an appearance and a motion to vacate the circuit court's September 14, 2011, order confirming the report of sale and distribution and for possession. Defendant asserted "to the best of her knowledge" she was never served with summons, she did not receive notice of the motion for default judgment, she was informed by plaintiff that a loan modification had been approved, and she did not receive notice of the September 14, 2011, order. Defendant asked the court to vacate the order "in the interest of justice."

¶ 8    Defendant later withdrew her motion and filed a motion to quash the September 14, 2011, order or, in the alternative, a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)) and section 15-1508 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1508 (West Supp. 2011)). Defendant essentially repeated the allegations of her previous motion to vacate. Defendant added that "justice was not done, and the sale of her home was fraudulent and a due process violation." The motion was stricken without prejudice. Defendant refiled her motion the following day, this time attaching exhibits referenced in the motion.

¶ 9    In its response to the motion, plaintiff asserted defendant was served by substituted service on November 14, 2009. Plaintiff attached a copy of the affidavit of service. The affidavit stated substituted service was made by:

> "leaving a copy of this process at [defendant's] usual place of abode with: Michelle Foreman (Relationship) Daughter, a person residing therein who is of the age of 13 years or upwards and informed that person of the contents thereof and that further mailed a copy of this process in a sealed envelope with postage paid addressed to the defendant at his/her usual place of abode on 11-17-09."

¶ 10    Defendant filed a reply, asserting the substituted service was defective because she does not have a daughter. Defendant asserted her only child is a son named William Mitchell and she does not know anyone named Michelle Foreman. Defendant attached an affidavit stating those facts.

¶ 11    The circuit court denied defendant's motion to quash the order confirming the sale. Defendant's alternative section 2-1401 and 15-1508 petition was also denied because she failed to provide the court with grounds to vacate the order confirming the sale.

¶ 12    On appeal, defendant contended that the substituted service of process was defective and the circuit court, therefore, lacked personal jurisdiction to enter the default judgment, the judgment of foreclosure, the order of sale, and the order of possession. Plaintiff acknowledged the substituted service was improper because it was not in compliance with section 2-203 of the Code (735 ILCS 5/2-203 (West 2008)). Plaintiff argued, however, that defendant waived all objections to the court's personal jurisdiction by filing a postjudgment motion to vacate the September 14, 2011, order confirming the sale.

¶ 13    The appellate court observed that challenges to personal jurisdiction are governed by section 2-301 of the Code (735 ILCS 5/2-301(a), (a-5) (West 2010)) and section 15-1505.6 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1505.6 (West Supp. 2011)). Defendant's initial postjudgment motion filed on October 12, 2011, failed to comply with the statutory requirements for challenging the circuit court's personal jurisdiction because it was not a motion to dismiss for lack of jurisdiction or a motion to quash service of process.

¶ 14    The appellate court noted that failure to comply with the statutory requirements for challenging the court's personal jurisdiction results in waiver of "all objections to the court's jurisdiction over the party's person." (Internal quotation marks omitted.) 2013 IL App (1st) 121713-U, ¶ 41. Based on that statutory language, the appellate court held defendant's waiver "worked prospectively and retroactively." 2013 IL App (1st) 121713-U, ¶ 41. Accordingly, defendant waived any jurisdictional challenge to the circuit court's orders entered prior to her initial postjudgment motion in this case. The trial court's judgment was, therefore, affirmed. 2013 IL App (1st) 121713-U.

¶ 15    We allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

¶ 16                                    II. ANALYSIS

¶ 17    To enter a valid judgment, a court must have both jurisdiction over the subject matter and jurisdiction over the parties. *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989). A judgment entered by a court without jurisdiction over the parties is void and may be challenged at any time, either directly or collaterally. *Verdung*, 126 Ill. 2d at 547. We review *de novo* whether the circuit court obtained personal jurisdiction. *In re Detention of Hardin*, 238 Ill. 2d 33, 39 (2010).

¶ 18    Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction. *Verdung*, 126 Ill. 2d at 547. As in the appellate court, plaintiff concedes that the substituted service of process in this case was defective and did not confer personal jurisdiction.

¶ 19    The appellate court determined, however, that defendant voluntarily submitted to the circuit court's jurisdiction by filing her initial postjudgment motion to vacate the order confirming the sale on October 12, 2011. Defendant did not challenge that determination in her petition for leave to appeal, her opening brief, or her reply brief. Rather, defendant's only argument on appeal to this court has been that by filing her October 12, 2011, motion, she submitted to the court's jurisdiction prospectively only. Defendant "emphasize[d] the need for this court's guidance and clarification" on whether waiver of objections to personal jurisdiction under section 2-301 is both prospective and retroactive.

¶ 20    At oral argument, counsel for defendant argued for the first time in this court that defendant did not submit to the circuit court's jurisdiction by filing her October 12, 2011, motion. Counsel contended that defendant's motion was in compliance with section 2-301(a), requiring a party to file a "motion to dismiss the entire proceeding or any cause of action involved in the proceeding or *** a motion to quash service of process" to preserve objections to the court's personal jurisdiction. 735 ILCS 5/2-301(a) (West 2010). Counsel asserted that defendant's motion only alleged that service of process was defective.

¶ 21    Plaintiff's counsel responded that this issue was not raised in defendant's petition for leave to appeal or her briefs on appeal to this court. Plaintiff's counsel, therefore, argued that the issue was not properly before this court.

¶ 22    We agree with plaintiff that defendant forfeited this argument by failing to raise it in her petition for leave to appeal, her opening brief, or her reply brief. Supreme Court Rule 315(c)(3) states a petition for leave to appeal shall contain "a statement of the points relied upon in asking the Supreme Court to review the judgment of the Appellate Court." Ill. S. Ct. R. 315(c)(3) (eff. Feb. 26, 2010). The rule further requires "a short argument (including appropriate authorities) stating why review by the Supreme Court is warranted and why the decision of the Appellate Court should be reversed or modified." Ill. S. Ct. R. 315(c)(5) (eff. Feb. 26, 2010). Defendant's petition for leave to appeal does not meet those requirements for raising her argument that her initial postjudgment motion complied with section 2-301(a) of the Code. There is no mention whatsoever of that issue in defendant's petition for leave to appeal. Accordingly, defendant's argument was not properly preserved for our review. See *People v. Whitfield*, 228 Ill. 2d 502, 509 (2007).

¶ 23    We further note that this court has repeatedly held an appellant's failure to argue a point in the opening brief results in forfeiture under Supreme Court Rule 341(h)(7). See *Vancura v. Katris*, 238 Ill. 2d 352, 369-73 (2010). According to Rule 341(h)(7), points not argued in the appellant's brief "are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013). Defendant, therefore, also forfeited her argument that her initial postjudgment motion complied with section 2-301(a) by failing to argue it in her opening brief and instead raising it for the first time in oral argument.

¶ 24    Accordingly, the sole issue properly before this court is whether by filing her initial postjudgment motion, defendant waived objections to the circuit court's personal jurisdiction both prospectively and retroactively. Defendant contends her postjudgment motion resulted in waiver of objections to the court's personal jurisdiction prospectively only. She maintains that her waiver of objections cannot serve to validate retroactively previous orders entered by the circuit court without personal jurisdiction.

¶ 25    Plaintiff responds that under section 2-301 of the Code, defendant waived "all objections to the court's jurisdiction over [her] person" by filing the postjudgment motion to vacate. The statute does not contain any temporal restriction on the waiver. Plaintiff, therefore, concludes that defendant waived all objections to the circuit court's personal jurisdiction, both prospectively and retroactively, by filing her postjudgment motion to vacate the order confirming the report of sale.

¶ 26    In *Verdung*, this court considered whether a party's general appearance in a case conferred personal jurisdiction on the circuit court retroactively. This court held there was no doubt that the circuit court had personal jurisdiction over the party as of the date of her general appearance. This court held, however, that "a party who submits to the court's jurisdiction does so only prospectively and the appearance does not retroactively validate orders entered prior to that date." *Verdung*, 126 Ill. 2d at 547.

¶ 27    To support its holding, this court relied upon the appellate court's decisions in *J.C. Penney Co. v. West*, 114 Ill. App. 3d 644 (1983), and *Sullivan v. Bach*, 100 Ill. App. 3d 1135 (1981). In *J.C. Penney*, the appellate court held that a defendant's voluntary submission to the circuit court's jurisdiction was prospective only. By filing a petition to vacate a default judgment, the defendant did not submit to the circuit court's jurisdiction retroactively to validate previous orders entered without personal jurisdiction. *J.C. Penney Co.*, 114 Ill. App. 3d at 647. Rather, "where a judgment is void when entered, it remains void" despite subsequent submission by a party to the circuit court's jurisdiction. *J.C. Penney Co.*, 114 Ill. App. 3d at 646. The appellate court reasoned:

> " 'Where the defendant is found to have voluntarily submitted himself to the court's jurisdiction prior to judgment, the court has personal jurisdiction at the time it enters the judgment order, but the same logic serves only to submit a defendant to the court's jurisdiction as of the date he appeared, not retroactively as of the date of the ex parte judgment, where his appearance comes after judgment is entered. [Citation.] A defendant's attempts to set aside a void judgment subsequent to the entry of that judgment are not to be considered as giving the court original jurisdiction to enter the judgment; *doing so deprives the defendant of his day in court*. [Citations.]' " (Emphasis added.) *J.C. Penney Co.*, 114 Ill. App. 3d at 647 (quoting *Sullivan*, 100 Ill. App. 3d at 1142).

¶ 28 The rule on prospective-only personal jurisdiction set forth in *Verdung* is, therefore, based on the due process concept of allowing the defendant his day in court before entering judgment against him. The fundamental requirement of due process is the opportunity to be heard, and that right "has little reality or worth unless one is informed that the matter is pending." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); see also *In re Dar. C.*, 2011 IL 111083, ¶ 61. The rule in *Verdung* is intended to protect parties' due process rights by preventing entry of a judgment without prior notice and an opportunity to be heard.

¶ 29 Plaintiff contends, however, that the rule in *Verdung* is no longer valid because it was established prior to the amendment of section 2-301 in 2000. Plaintiff argues that the amendment to section 2-301 eliminated any temporal restriction on waiver and the statute now simply provides that filing a responsive pleading or motion results in waiver of "all objections to the court's jurisdiction over the party's person." Plaintiff contends that the amended statute contains no language restricting the waiver to any time in the proceeding.

¶ 30 Before the amendment in 2000, section 2-301 of the Code provided for a distinction between special and general appearances. The statute stated:

> "(a) Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. A special appearance may be made as to an entire proceeding or as to any cause of action involved therein. Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance." 735 ILCS 5/2-301(a) (West 1998).

¶ 31 Following the amendment in 2000, section 2-301 states:

> "(a) Prior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear, a party may object to the court's jurisdiction over the party's person, either on the ground that the party is not amenable to process of a court of this State or on the ground of insufficiency of process or insufficiency of service of process, by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding or by filing a motion to quash service of process. Such a motion may be made singly or included with others in a combined motion, but the parts of a combined motion must be identified in the manner described in Section 2-619.1. Unless the facts that constitute the basis for the objection are apparent from papers already on file in the case, the motion must be supported by an affidavit setting forth those facts.
>
> (a-5) If the objecting party files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a motion in compliance with subsection (a), that party waives all objections to the court's jurisdiction over the party's person." 735 ILCS 5/2-301(a), (a-5) (West 2010).

¶ 32 A conflict has arisen in our appellate court on the impact of the 2000 amendment to section 2-301. Some appellate panels have continued to follow the reasoning in *Verdung*, holding that a party's voluntary submission to the circuit court's personal jurisdiction is prospective only and does not retroactively validate prior orders entered without jurisdiction. *C.T.A.S.S. & U. Federal Credit Union v. Johnson*, 383 Ill. App. 3d 909, 911-12 (1st Dist. 2008); *Mortgage Electronic Systems v. Gipson*, 379 Ill. App. 3d 622, 629-31 (1st Dist. 2008). Other decisions have held that a waiver of "all objections to the court's jurisdiction over the party's person"

must be construed as comprehensive, applying both prospectively and retroactively. (Emphasis omitted.) *GMB Financial Group, Inc. v. Marzano*, 385 Ill. App. 3d 978, 994 (2d Dist. 2008); *Eastern Savings Bank, FSB v. Flores*, 2012 IL App (1st) 112979, ¶ 16.

¶ 33 When construing a statute, our primary objective is to ascertain and give effect to the intent of the legislature. *People v. Elliott*, 2014 IL 115308, ¶ 11. The most reliable indicator of legislative intent is the statutory language, given its plain and ordinary meaning. *Elliott*, 2014 IL 115308, ¶ 11. In determining the statute's plain meaning, we consider the subject it addresses and the legislature's purpose in enacting it. *Elliott*, 2014 IL 115308, ¶ 11.

¶ 34 Plaintiff emphasizes that under the amended statute, a party "waives all objections to the court's jurisdiction over the party's person" by initially filing a responsive pleading or motion. 735 ILCS 5/2-301(a-5) (West 2010). The statute plainly provides that a party waives "all objections" to the court's personal jurisdiction by filing a responsive pleading or motion before challenging the court's jurisdiction. Under section 2-301(a), the waiver of objections to personal jurisdiction is comprehensive when a party submits to the court's jurisdiction by initially filing a responsive pleading or motion.

¶ 35 The critical issue here, though, is whether the waiver of all objections applies retroactively to validate an order or judgment entered without personal jurisdiction. Personal jurisdiction is established either by effective service of process or by a party's voluntary submission to the court's jurisdiction. *Verdung*, 126 Ill. 2d at 547. The amended statute does not specifically state the effect a party's waiver of objections has on orders or judgments entered by the court without personal jurisdiction. The statute does not state that the waiver is intended to validate orders entered prior to service of process or the party's voluntary submission to the court's jurisdiction.

¶ 36 Further, it is not apparent from the statutory language that the legislature intended to abrogate this court's established case law providing that "a party who submits to the court's jurisdiction does so only prospectively and the appearance does not retroactively validate orders entered prior to that date." *Verdung*, 126 Ill. 2d at 547. The settled law prior to the amendment to section 2-301 provided that "where a judgment is void when entered, it remains void," despite subsequent submission by a party to the circuit court's jurisdiction. *J.C. Penney Co.*, 114 Ill. App. 3d at 646.

¶ 37 In one recent case, the appellate court read section 2-301(a-5) as simply "codifying the long-standing rule that 'a party may waive a defect in jurisdiction over the person by proceeding without objection.' " *Higgins v. Richards*, 401 Ill. App. 3d 1120, 1126 (2010) (quoting *Mullaney, Wells & Co. v. Savage*, 31 Ill. App. 3d 343, 347 (1975), citing *People v. Securities Discount Corp.*, 361 Ill. 551 (1935)). Under the case law prior to the 2000 amendment, a general appearance was considered to waive all objections to the court's personal jurisdiction and submit the party to the court's jurisdiction. *KSAC Corp. v. Recycle Free, Inc.*, 364 Ill. App. 3d 593, 594 (2006); *J.C. Penney Co.*, 114 Ill. App. 3d at 647. The waiver submitted the party to the court's jurisdiction only prospectively, however, and it did not serve to validate retroactively prior orders entered without personal jurisdiction. *Verdung*, 126 Ill. 2d at 547; *J.C. Penney Co.*, 114 Ill. App. 3d at 647. Thus, the 2000 amendment to section 2-301 may be construed as simply codifying the previously settled law on waiver of objections to personal jurisdiction and not as changing the established rule that a party's submission to the court's jurisdiction is prospective-only. *Verdung*, 126 Ill. 2d at 547.

¶ 38     We conclude that the amended statute is ambiguous as to the effect of a party's waiver on prior orders entered without personal jurisdiction. The amended statute does not indicate a clear intent for a party's waiver of objections to confer personal jurisdiction on the court retroactively. When a statute is ambiguous, we look to aids of statutory construction, including legislative history and established rules of construction. *Poris v. Lake Holiday Property Owners Ass'n*, 2013 IL 113907, ¶ 47. We, therefore, turn to the legislative history to ascertain the legislature's intent in amending section 2-301.

¶ 39     In explaining the amendment to section 2-301, Senator Hawkinson stated:

> "This bill amends the Code of Civil Procedure dealing with special appearances. It is not an initiative of the Illinois State Bar Association but it was suggested by the Bar Association. *It's a cleanup. It is designed to prevent an unknowing waiver.* When you file a motion in court, before you file your special appearance, it allows you to file your special appearance and other motions at the same time." (Emphasis added.) 91st Ill. Gen. Assem., Senate Proceedings, Mar. 11, 1999, at 42-43 (statements of Senator Hawkinson).

¶ 40     The remarks by Senator Hawkinson support a conclusion that the amendment was intended to "prevent an unknowing waiver" of a party's objections to personal jurisdiction. Prior to the amendment, section 2-301(a) distinguished between general and special appearances. 735 ILCS 5/2-301(a) (West 1998). The distinction between those types of appearances created confusion and potential for inadvertent waivers of objections to the circuit court's personal jurisdiction. See *Marzano*, 385 Ill. App. 3d at 993-94. The amendment to section 2-301(a) eliminated the distinction between general and special appearances. 735 ILCS 5/2-301(a) (West 2010).

¶ 41     Although the legislative history shows the amendment was intended to clarify the law to prevent inadvertent waivers of objections to the court's personal jurisdiction, it is not entirely clear that the amendment accomplished its objective. In this case, defendant's initial postjudgment motion to vacate the order confirming the sale was filed by her attorney and it alleged defective service of process. The appellate court, nevertheless, held the motion was insufficient to preserve defendant's objections to the court's personal jurisdiction under section 2-301(a). Thus, it appears that counsel inadvertently waived defendant's objections to personal jurisdiction. If counsel inadvertently waived defendant's objections, it is almost certain that *pro se* defendants will have difficulty in preserving their objections to personal jurisdiction under the amended section 2-301(a).

¶ 42     In any case, there is no indication from the legislative history that the amendment was intended to alter the existing law on the effect of waiver of objections to personal jurisdiction. The amendment to section 2-301 was intended to provide additional protection of a defendant's right to assert an objection to the court's personal jurisdiction by preventing unknowing waiver. If we were to construe the amended statute as providing for retroactive waiver validating prior orders entered without personal jurisdiction, it would result in a harsher rule on waiver and be inconsistent with the legislature's objective of providing parties additional protection in this context.

¶ 43     Based on the statutory language and legislative history, we do not believe the legislature intended to adopt a rule allowing a defendant's waiver to validate retroactively orders entered without personal jurisdiction. Plaintiff's proposed construction of the statute is at odds with the fundamental rationale of our rule providing for prospective-only submission to the court's

jurisdiction, namely, to avoid "depriv[ing] the defendant of his day in court." (Internal quotation marks omitted.) *J.C. Penney Co.*, 114 Ill. App. 3d at 647. In the absence of clear language or legislative history to the contrary, we conclude section 2-301(a-5), as amended, codified the law on waiver as it existed before the amendment. We, therefore, reaffirm the longstanding rule that "a party who submits to the court's jurisdiction does so only prospectively and the appearance does not retroactively validate orders entered prior to that date." *Verdung*, 126 Ill. 2d at 547. To the extent that Illinois appellate court decisions, including *Marzano* and *Flores*, hold to the contrary, they are overruled.

¶ 44    Here, defendant voluntarily submitted to the circuit court's personal jurisdiction by filing her initial postjudgment motion to vacate the order confirming the sale on October 12, 2011. By filing her motion, defendant waived objections to the circuit court's personal jurisdiction prospectively only, however. The waiver did not serve to validate retroactively the void orders entered prior to defendant's submission to the court's jurisdiction.

¶ 45    A judgment entered by a court without personal jurisdiction is void and may be challenged at any time, either directly or collaterally. *Verdung*, 126 Ill. 2d at 547. The orders entered by the circuit court without personal jurisdiction prior to defendant's October 12, 2011, postjudgment motion must be vacated. We, therefore, reverse the judgments of the appellate and circuit courts, and remand to the circuit court for further proceedings.

¶ 46                                    III. CONCLUSION
¶ 47    For the foregoing reasons, the judgments of the circuit court and the appellate court are reversed. The cause is remanded to the circuit court for further proceedings.

¶ 48    Reversed and remanded.