# Illinois Official Reports

## Appellate Court

*In re Estate of Rodden*, 2015 IL App (1st) 140798

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF ANGUS RODDEN, a Disabled Person (Robert F. Harris, Cook County Public Guardian and Plenary Guardian of the Estate and Person of Angus Rodden, a disabled person, Petitioner-Appellee, v. Audrey Newton, Respondent-Appellant). |
| District & No. | First District, First Division<br>Docket No. 1-14-0798 |
| Filed | January 12, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from an order entered by the trial court pursuant to a petition filed by the public guardian finding that respondent had breached her fiduciary duty to a disabled person for whom she had been granted power of attorney over his health care and personal estate by improperly writing checks from his account to herself, the trial court properly denied respondent's motion to vacate the trial court's order, notwithstanding respondent's contention that the order was void for lack of jurisdiction because the public guardian could only proceed by issuing a citation pursuant to section 16-1 of the Probate Act and a summons under section 2-201 of the Code of Civil Procedure, since the "petition" mechanism used by the public guardian is a recognized remedy and is the substantive equivalent of a citation to discover assets and is the functional equivalent of a summons to the extent that it commanded respondent to appear in court on a certain date, time and place to account for her actions. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-P-6818; the Hon. Kathleen McGury, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Kienlen & Pietsch, of Wheaton (J. Laurence Kienlen, of counsel), for appellant.

Robert F. Harris, Public Guardian, of Chicago (Kass A. Plain and Christopher Williams, of counsel), for appellee.

Panel

PRESIDING JUSTICE DELORT delivered the judgment of the court, with opinion.
Justices Cunningham and Connors concurred in the judgment and opinion.

**OPINION**

¶ 1      In his waning years, Angus Rodden, age 93, granted his friend and caretaker, Audrey Newton, a power of attorney over his health care and personal estate. Robert Harris, the public guardian of Cook County, apparently believing Rodden was not being cared for in an optimal manner, filed a petition for guardianship over Rodden in the circuit court of Cook County. The court granted that petition. Newton appeared at the hearing on the guardianship and resigned as Rodden's agent under the power of attorney. These resignations were in writing and filed with the court below. After acquiring guardianship, the public guardian investigated Rodden's situation and discovered that Newton had written checks from Rodden's account to herself totaling $17,000.

¶ 2      The public guardian then filed a two-count pleading entitled "Petition for Accounting under Power of Attorney for Property." The petition's prayer for relief asks, among other things, that the court order Newton to file an accounting within 21 days, hold a hearing on any improper disbursements, and enter a judgment against Newton for any money improperly taken. Copies of the checks in question were attached to the petition.

¶ 3      The petition is largely based on several interrelated provisions of the Illinois Power of Attorney Act. 755 ILCS 45/1-1 *et seq.* (West 2012). The first requires agents to maintain records of any disbursements they make on behalf of the principal and to provide copies of those records upon request to the principal's court-appointed guardian. 755 ILCS 45/2-7(c) (West 2012). The same law also provides that the public guardian may "*petition* the court for an order" requiring the agent to produce her record of receipts and disbursements. (Emphasis added.) 755 ILCS 45/2-7(d) (West 2012). It specifies that if the agent fails to do so and the court finds that the agent's failure to provide her record in a timely manner to the public guardian was without good cause, the court may assess costs and attorney fees against the agent, and "order such other relief as is appropriate." *Id.* Finally, it provides that an agent is liable to the principal for the amount required to make the principal whole. 755 ILCS 45/2-7(f) (West 2012).

¶ 4      On April 25, 2012, the trial court entered an order granting the public guardian leave to file the petition and to serve it upon Newton through a special process server, and setting the

case for May 18 for "Audrey Newton to appear and for status." On May 14, 2012, a special process server personally served Newton with a copy of the April 25 order and the petition, but not with a summons. Newton does not dispute the validity of this service. After Newton did not appear at the May 18, 2012, hearing, the court entered an order directing her to file an accounting by June 8 and to appear on June 14. The same day, the public guardian sent Newton a letter by regular and certified mail, enclosing a copy of that order. The record contains a returned certified mail "green card" for the letter indicating it was delivered on May 19 but which bears no recipient's signature. On June 14, 2012, after Newton twice failed to appear in court to respond to the petition, the court entered an order finding that Newton had breached her fiduciary duty to Rodden and imposed a judgment against her for $17,000.

¶ 5    Rodden died two weeks later, on June 30, 2012. On October 15, 2013, the trial court closed the disabled person's estate, after the public guardian had accounted for his work on the matter and distributed Rodden's assets to various heirs.

¶ 6    On November 19, 2013, Newton, through counsel, filed a motion to vacate the $17,000 judgment, alleging that it was void for lack of jurisdiction. Newton alleged that the public guardian could only proceed by issuing a citation under section 16-1 of the Illinois Probate Act of 1975 (755 ILCS 5/16-1 (West 2012)) and a summons under section 2-201 of the Illinois Code of Civil Procedure (735 ILCS 5/2-201 (West 2012)). Newton admitted that she was physically present at the initial guardianship hearing but noted that she had never filed an appearance in the case. The public guardian responded, essentially arguing that: (1) the petition was a valid method of proceeding to collect money the agent owed the ward; and (2) Newton subjected herself to the jurisdiction of the court by participating in the original guardianship hearing. Newton did not testify at the hearing on the motion to vacate, but her counsel indicated that Newton did not respond to the court orders or the petition because of "contempt" and "bad feelings" she held toward the public guardian's office. After briefing and argument, the trial court denied the motion to vacate. The court stated that the petition "does comply with all of the requirements of due process. It notifies the Respondent. It notifies Ms. Newton. It gives her an opportunity to appear and defend. It advises her of the consequents of not appearing." This appeal followed.

¶ 7    We begin with several basic principles which our supreme court recently reaffirmed. For its judgment to be valid, the trial court must have jurisdiction over the subject matter and jurisdiction over the parties. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. A judgment entered by a court without jurisdiction is void and may be challenged at any time, either directly or collaterally. *Id.* We review *de novo* whether the trial court obtained personal jurisdiction. *Id.* Personal jurisdiction is established either by service of process in accordance with statutory requirements or if a party voluntarily submits to the court's jurisdiction. *Id.* ¶ 18. Here, Newton was personally served with the petition, and she does not contest the validity of that service. Accordingly, the trial court had personal jurisdiction over her.

¶ 8    Newton, however, also challenges the manner in which the petition was labeled, essentially contending that the public guardian sought the wrong remedy, and she leapfrogs that into an argument that the trial court had no jurisdiction. She correctly notes that the public guardian could have accomplished a similar result by framing his pleading as a citation to recover assets and serving it upon Newton along with a summons. However, the

Power of Attorney Act specifically states that a guardian may proceed instead by "petition," and the context of the relevant section makes it clear that the petition is not a new and independent proceeding requiring a new case number and judicial assignment, but rather is in the nature of a third-party counterclaim brought under the aegis of the existing guardianship case. 755 ILCS 45/2-7(d) (West 2012). Section 2-201 of the Illinois Code of Civil Procedure also specifies that actions are commenced by "complaint," *unless otherwise expressly provided by statute*. 735 ILCS 5/2-201 (West 2012). Therefore, the "petition" mechanism used by the public guardian is statutorily recognized; the remedies were not as limited as Newton contends. More importantly, it is well established that "when analyzing a party's request for relief, courts should look to what the pleading contains, not what it is called." *In re Haley D.*, 2011 IL 110886, ¶ 67. A plain reading of the petition reveals that it is the substantive equivalent of a citation to recover assets. Similarly, the court order accompanying the petition was the functional equivalent of a summons. It commanded Newton to appear and account before the court on a specified date, time and place.

¶ 9 Due process requires that before a court deprives someone of property, such as by entering a money judgment, the party is entitled to notice and an opportunity for a hearing appropriate to the nature of the case. *Passalino v. City of Zion*, 237 Ill. 2d 118, 124 (2009). The various notices issued here more than comport with basic due process requirements.

¶ 10 The record contains no transcript of the original guardianship hearing at which Newton appeared and resigned her agency under the power of attorney. Because we resolve the issues presented on the grounds set forth above, we need not address whether Newton's participation at that hearing and any statements she made orally subjected her to the jurisdiction of the court.

¶ 11 For these reasons, we find that the trial court correctly denied the motion to vacate the judgment.

¶ 12 Affirmed.