Rule 23 order filed
January 26, 2018;
Motion to publish granted
March 6, 2018.

2018 IL App (5th) 170001

NO. 5-17-0001

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| RONALD WITCHER and JODI WITCHER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellees, | ) | Madison County. |
| | ) | |
| v. | ) | No. 16-MR-116 |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | Honorable |
| | ) | John B. Barberis, Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Justices Welch and Moore concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant, State Farm Fire and Casualty Company (State Farm), appeals from an order denying its motion to vacate the judicial appointment of an appraisal umpire and an order confirming the appraisal award. For the reasons that follow, we reverse and remand.

¶ 2     On February 1, 2015, a fire ravaged the home of the plaintiffs, Ronald and Jodi Witcher, leaving little more than rubble, debris, and ash. At that time, the plaintiffs' home and property were covered under a policy of homeowner's insurance issued by State Farm. The plaintiffs and State Farm agreed that the fire resulted in a total loss, but they could not agree on the loss valuation. The homeowner's policy provided for an appraisal process in the event of a disagreement regarding the amount of a loss. The policy is not included in the record on appeal, but the parties agree that the appraisal clause provides as follows:

1

"If we and you disagree on the amount of loss, either one can demand that the amount of loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, disinterested appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers cannot agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by [the] party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us."

¶ 3    Unable to reach an agreement on the amount of the loss, the plaintiffs sent a letter, dated Friday, March 18, 2016, to State Farm, demanding that the loss be settled by appraisal. The plaintiffs also designated Joel Adkerson as their appraiser. According to a UPS tracking document, State Farm received the plaintiffs' letter on Monday, March 21, 2016. In keeping with the terms of the appraisal clause, State Farm was required to notify the plaintiffs of the identity of its appraiser within 20 days of receipt of the appraisal demand, meaning on or before April 10, 2016. The 20-day period passed without State Farm notifying the plaintiffs of its appraiser. The subsequent 15-day deadline for the plaintiffs' and State Farm's appraisers to agree on an appraisal umpire also passed without the selection of a neutral appraisal umpire and without State Farm's designation of an appraiser.

¶ 4    On April 27, 2016, the plaintiffs, through their attorney, filed a petition for the judicial appointment of an appraisal umpire in the circuit court of Madison County. Therein, the plaintiffs alleged that State Farm failed to participate in the appraisal process as outlined in the homeowner's policy. The plaintiffs asserted that they had valued their total loss at $247,121.03, while State Farm had valued the loss at $159,601.48, a difference of $87,519.55. The plaintiffs further asserted that they submitted a written demand for an appraisal to State Farm, and that State Farm refused to designate an appraiser. The plaintiffs claimed that State Farm refused to participate in the appraisal process in an attempt to delay or thwart the appraisal process, to deprive the insured of indemnity benefits, and to vexatiously and unreasonably delay payment under the homeowner's policy. The plaintiffs attached correspondence between their adjuster and State Farm, as well as a list of eight candidates to act as the appraisal umpire. The record indicates that at the time the plaintiffs' petition was filed, there was no request that the petition and summons be served on State Farm. There is no certificate of service or other document that shows that State Farm was served with a copy of the plaintiffs' petition.

¶ 5    According to the record, the circuit court was presented with and granted the plaintiffs' petition on the same date that the petition was filed. In the order entered April 27, 2016, the court appointed Dale F. Peek to serve as the appraisal umpire. Peek was one of the candidates listed by the plaintiffs. The order further provided that the court would retain jurisdiction for "filing and enforcement of a binding Appraisal Award under the insurance policy contract herein."

¶ 6    On May 4, 2016, State Farm filed an entry of appearance and a reply to the plaintiffs' petition for the judicial appointment of an appraisal umpire. In its reply, State Farm asserted that its adjuster, Mike Hartkop, had been in contact with the plaintiffs' agent, Dan Long, in an attempt to resolve the claim outside of the appraisal process; that Hartkop had attempted to

3

contact Long by phone for two weeks; and that Long refused to respond to multiple phone calls. State Farm further represented that it had selected an appraiser, Steve Ricker, and that if the parties' designated appraisers were unable or unwilling to agree on an appraisal umpire, State Farm would submit a list of proposed names to the court for a selection of an umpire. State Farm requested that the court "allow State Farm's input, specifically a list of potential umpires," before making the appointment.

¶ 7    On May 9, 2016, Dale F. Peek filed a formal "Acceptance of Appraisal Umpire Appointment" in the circuit court of Madison County. On that same date, State Farm filed a motion to vacate the April 27, 2016, order appointing Dale Peek as the appraisal umpire. State Farm asserted that its counsel did not receive a copy of the appointment order until May 9, 2016. State Farm further asserted that it had no prior notice of the circuit court's actions, pointing out that the plaintiffs' petition for appointment of an appraisal umpire was filed on April 27, 2016, and that the order appointing Peek as the appraisal umpire was entered on that same date. State Farm noted that it had not been served with the petition and summons and that it did not enter an appearance until May 4, 2016, seven days after the order was issued. State Farm argued that it was denied due process where the appointment order was entered without any notice and without jurisdiction over State Farm. State Farm asked the court to vacate the order of April 27, 2016, and to set the matter for a hearing on the appointment of a judicial umpire.

¶ 8    On May 17, 2016, the plaintiffs filed a response, asserting that State Farm had forfeited and defaulted on its obligation to participate in the appraisal process. The plaintiffs requested that the court deny State Farm's motion to vacate the appointment of the appraisal umpire.

¶ 9    On May 26, 2016, Dale Peek, as appraisal umpire, and Joel Adkerson, the plaintiffs' designated appraiser, filed an appraisal award in the circuit court. The document indicates that

4

the two individuals independently appraised the property loss from the fire on February 1, 2015, and impartially determined that the replacement cost value was $247,665.93 and that the actual cash value of the loss was $212,895.88.

¶ 10    On May 27, 2016, a hearing was held on State Farm's motion to vacate the order appointing Dale Peek as appraisal umpire. Following the hearing, the court took State Farm's motion under advisement. In the interim, the plaintiffs filed a petition to confirm the appraisal award. State Farm filed an objection to the plaintiffs' petition claiming that the appraisal was the product of the denial of its right to due process. On September 15, 2016, the court heard arguments on the plaintiffs' petition to confirm the appraisal award and took all pending motions under advisement.

¶ 11    In an order entered December 2, 2016, the circuit court denied State Farm's motion to vacate the appointment of Dale F. Peek as judicial umpire and confirmed the appraisal award. The court found that the appointment of Dale Peek as appraisal umpire and the appraisal award were in accordance with the parties' contractual agreement in the homeowner's policy.

¶ 12    On appeal, State Farm contends that its right to due process was violated where the circuit court entered an order appointing a judicial umpire without providing State Farm with notice or an opportunity to be heard on plaintiffs' petition to appoint an appraisal umpire. State Farm also contends that the trial court did not have jurisdiction over State Farm at the time it entered the order appointing the appraisal umpire. State Farm asks that the order appointing the appraisal umpire and the order confirming the appraisal award be vacated, and that the case be remanded for a hearing on the selection of an appraisal umpire.

¶ 13    To enter a valid judgment, the circuit court must have jurisdiction over the subject matter and the parties. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17, 6 N.E.3d

162. Personal jurisdiction may be obtained by effective service of process or by a party's consent to the circuit court's jurisdiction by a voluntary appearance. *BAC Home Loans Servicing*, 2014 IL 116311, ¶ 18. A party who voluntarily submits to the court's jurisdiction does so only prospectively, and the appearance does not retroactively validate orders entered prior to the appearance date. *BAC Home Loans Servicing*, 2014 IL 116311, ¶¶ 26, 43; *In re Marriage of Verdung*, 126 Ill. 2d 542, 547, 535 N.E.2d 818, 820 (1989). This rule is based on a party's right to its day in court before a judgment may be entered against it. *BAC Home Loans Servicing*, 2014 IL 116311, ¶¶ 28, 43. It is intended to protect a party's due process rights by preventing the entry of a judgment without prior notice and an opportunity to be heard. *BAC Home Loans Servicing*, 2014 IL 116311, ¶¶ 28, 43. Whether the circuit court obtained personal jurisdiction over a party presents a question of law that is reviewed *de novo. BAC Home Loans Servicing, LP*, 2014 IL 116311, ¶ 17.

¶ 14    In this case, no summons was issued, and State Farm was not served with the plaintiffs' petition for appointment of an appraisal umpire. The order appointing an appraisal umpire was entered on April 27, 2016, the same date that the petition was filed, and several days before State Farm entered its appearance in the case. The circuit court did not have personal jurisdiction over State Farm when it entered the order appointing the appraisal umpire, and that order must be vacated.

¶ 15    The plaintiffs argue that summons and notice were not required because this was not an action at law and because the appraisal provision did not require the issuance of summons and service of the petition for appointment of an appraisal umpire. The plaintiffs contend that, under the appraisal provision, either the insurer or the insured could ask a judge of a court of record in

the state where the residence was located to select an umpire and that they simply presented their petition to a judge of a court of record in the state.

¶ 16    We disagree. It is apparent to us that the section of the appraisal provision permitting either the insured or the insurer to ask "a judge of a court of record" to select an appraisal umpire contemplated the filing of a petition and judicial action. This was not simply an *ex parte* request to a person who happened to hold the office of circuit judge. Furthermore, the plaintiffs filed a petition in the circuit court of Madison County, entered a formal appearance by counsel, and paid the filing fees. In the petition, the plaintiffs requested "this Court of Record, having jurisdiction," to appoint an appraisal umpire and retain the case for the filing of the appraisal award and "for any and all such other and further relief" as the court deems just and proper. Thus, the plaintiffs elected to invoke judicial action by the circuit court and were bound to follow the established rules of civil procedure.

¶ 17    This was a judicial proceeding, and in such proceedings, a party to be bound thereby must have notice and an opportunity to be heard, unless that party had waived those rights. *BAC Home Loans Servicing*, 2014 IL 116311, ¶ 28; *Ingraham v. Whitmore*, 75 Ill. 24, 30-31 (1874). After reviewing the appraisal provision, we do not find that State Farm waived its right to notice of the plaintiffs' petition seeking the appointment of an appraisal umpire and the opportunity to be heard. Thus, the order appointing Dale F. Peek as the appraisal umpire must be vacated. So too must the subsequent order confirming the appraisal award. In vacating these orders, we are not disqualifying Dale F. Peek from the plaintiffs' list of candidates for appointment as the appraisal umpire, nor are we making any findings with respect to the propriety of the appraisal award. We are merely stating that State Farm was entitled to notice and an opportunity to be

7

heard before the court ruled on the plaintiffs' petition for the judicial appointment of an appraisal umpire.

¶ 18    Accordingly, the circuit court's order denying State Farm's motion to vacate the judicial appointment of an appraisal umpire is reversed, the order appointing Dale F. Peek as the appraisal umpire and the order confirming the appraisal award are hereby vacated, and the cause is remanded to the circuit court for further proceedings.

¶ 19    Orders vacated; reversed and remanded.

2018 IL App (5th) 170001

NO. 5-17-0001

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| RONALD WITCHER and JODI WITCHER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellees, | ) | Madison County. |
| | ) | |
| v. | ) | No. 16-MR-116 |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | Honorable |
| | ) | John B. Barberis, Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

**Rule 23 Order Filed:**    January 26, 2018
**Motion to Publish Granted:**    March 6, 2018
**Opinion Filed:**    March 6, 2018

_____

**Justices:**    Honorable Judy L. Cates, J.

    Honorable Thomas M. Welch, J., and
    Honorable James R. Moore, J.,
    Concur

_____

**Attorney for Appellant**    Michael J. Bedesky, Reed, Armstrong, Mudge & Morrissey, P.C., 115 N. Buchanan, P.O. Box 368, Edwardsville, IL 62025

_____

**Attorney for Appellees**    William S. Daniel, Daniel Law Offices, 222 Keeneland Court, Collinsville, IL 62234-1493

_____