2019 IL App (2d) 190203-U
No. 2-19-0203
Order filed December 3, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| GABRIEL SANDOVAL, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff and Counterdefendant-Appellant, | ) | |
| | ) | |
| v. | ) | Nos. 18-SR-1105 |
| | ) | 18-SR-1172 |
| | ) | |
| MARIA MEDEIROS, | ) | |
| | ) | Honorable |
| Defendant and Counterplaintiff-Appellee. | ) | Peter W. Ostling |
| | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Hutchinson and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Although the trial court erred in deeming plaintiff's breach-of-contract claim barred as a matter of law, its finding that plaintiff did not perform under the contract was not against the manifest weight of the evidence and thus it properly ruled for defendant.

¶ 2    Plaintiff, Gabriel Sandoval, appeals *pro se* from the judgment of the circuit court of Du Page County denying his breach-of-contract claim and granting defendant Maria Medeiros's counterclaim. Even though the trial court erred in barring, as a matter of law, recovery on the

written contract, the trial court's finding that plaintiff did not perform under the contract was not against the manifest weight of the evidence. Thus, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Sandoval filed a three-count complaint against Medeiros. Count I alleged a breach of a written contract for home improvements, including installation of a bamboo floor. Counts II and III alleged, respectively, a claim for *quantum meruit* and a claim for unjust enrichment. Medeiros filed a counterclaim, alleging that Sandoval defectively installed the floor and seeking compensation for the cost of a replacement floor.

¶ 5     The following facts were established at a bench trial. Sandoval prepared a written contract to provide home improvements for Medeiros at her new residence. The contract called for Sandoval, among other things, to install a bamboo floor throughout the home. Medeiros was required to provide all of the materials, including the flooring. The total cost of the contract was $14,500. Medeiros signed the contract and initially paid Sandoval $7500.

¶ 6     Medeiros purchased the flooring from Menard's. According to Sandoval, although he accompanied Medeiros when she selected the flooring, he had no input into the product she chose, other than making a few suggestions. The floor was "floating," which did not require nails or glue.

¶ 7     Medeiros had no experience with the installation of flooring. She relied on Sandoval's experience in selecting the proper flooring. She paid approximately $5000 for the flooring, trim, and underlayment. Sandoval then picked up the flooring materials and took them to Medeiros's new residence.

¶ 8     After the floor was installed, Medeiros discovered that, when she walked on it, it bounced. When Medeiros advised Sandoval that the floor bounced, he told her that it was normal for a floating floor. Sandoval claimed that some of the wood was warped and that Medeiros failed to

maintain adequate air conditioning in the unit, which increased the humidity, causing further warping. He also maintained that the underlying concrete floor was uneven, which contributed to the floor bouncing. According to Medeiros, after Sandoval attempted to repair the floor, it still bounced and there were numerous scratches and glue residue in the cracks between the boards. The floor also had sharp edges that had to be covered with rugs.

¶ 9     A proposed written amendment for additional work, prepared by Sandoval, included, among other things, a statement that Medeiros acknowledged that the concrete was not level and that the parties had not agreed to level it before installing the flooring. Medeiros refused to sign the amendment.

¶ 10     In support of her counterclaim, Medeiros presented the affidavit of Gavriel Russ of Transylvania Flooring. Russ stated that the floor was defectively installed and needed to be replaced. An exhibit attached to the affidavit showed that the replacement cost was $8887. Sandoval objected to the affidavit, arguing that it was incoherent. The trial court overruled the objection and admitted the affidavit.

¶ 11     The trial court found that, because the written contract did not include the total cost of all of the work, did not list the materials with reasonable particularity, and did not include Sandoval's business name and address, and because there was no evidence that Sandoval had provided a consumer-rights brochure, the contract violated the Home Repair and Remodeling Act (Act) (815 ILCS 513/1 *et seq.* (West 2016)). Because the contract violated the Act, the court ruled that it was unenforceable.

¶ 12     The trial court further denied Sandoval any recovery on his claims for *quantum meruit* and unjust enrichment. In doing so, the court found that Sandoval was not credible. It noted that he was unfamiliar with the industry standards for installation of the flooring. The court also found

that Sandoval was not believable when he testified that he did not have any input in selecting the flooring. The court further noted the evasive nature of some of Sandoval's answers during cross-examination. The court found that Sandoval failed to provide competent and credible evidence of the reasonable value of the work performed. Thus, the court entered judgment against Sandoval and in favor of Medeiros on all three counts of the complaint.

¶ 13    As for the counterclaim, the trial court found that the affidavit and the attached exhibit showed that the flooring was defectively installed and that the replacement cost was $8887. Thus, the court entered judgment on the counterclaim. Sandoval, in turn, filed this timely appeal.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, Sandoval's only contention is that a violation of the Act did not bar him from recovering on his contract claim. Although Medeiros did not file a response brief, because the issues are relatively simple, we will decide them. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 16    We first decide whether the trial court erred in ruling that Sandoval was barred by the Act from recovering on his contract claim. It did.

¶ 17    Our supreme court has held that an oral contract is not rendered unenforceable merely because it violated the Act. *K. Miller Construction Co. v. McGinnis*, 238 Ill. 2d 284, 298-301 (2010). Indeed, the court noted that a recent amendment to the Act clarified that the sole remedy for a violation of the Act is under section 10a of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/10a (West 2008)). *McGinnis*, 238 Ill. 2d at 298. Although *McGinnis* applied to an oral contract that violated the Act, we see no reason that it should not apply equally to a written contract. See *Sutter Siding & Remodeling, Inc. v. Baker*, 2017 IL App (4th) 150956-

U, ¶¶ 28-29 (applying *McGinnis* to a written contract). Thus, we hold that the trial court erred in barring Sandoval, as a matter of law, from recovering under the written contract.

¶ 18 However, we may affirm a judgment on any basis in the record, even if the trial court did not rely on that reasoning. *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 29.

¶ 19 To recover under a theory of *quantum meruit*, a plaintiff must prove that no written contract existed. *Jameson Real Estate, LLC v. Ahmed*, 2018 IL App (1st) 171534, ¶ 61. Similarly, unjust enrichment is not an available remedy where an actual contract exists. *Gagnon v. Schickel*, 2012 IL App (1st) 120645, ¶ 29. Here, because there was a written contract, Sandoval was limited to recovery under that contract.

¶ 20 To recover under a written contract, a plaintiff is required to prove the existence of a valid, enforceable contract, that he performed as required by the contract, that the defendant breached the contract, and that damages resulted. *Carlson v. Rehabilitation Institute of Chicago*, 2016 IL App (1st) 143853, ¶ 13. The interpretation of a contract presents a legal question that we review *de novo*. *Gallagher v. Lenart*, 226 Ill. 2d 208, 219 (2007). However, whether the contract was breached is a question of fact, and the trial court's finding in that regard will not be disturbed on appeal unless it is against the manifest weight of the evidence. *Timan v. Ourada*, 2012 IL App (2d) 100834, ¶ 24. For a finding to be against the manifest weight of the evidence, the opposite conclusion must be clearly apparent. *Short v. Pye*, 2018 IL App (2d) 160405, ¶ 53. That standard affords great deference to the trial court, because it is able to observe the witnesses' demeanor and is in a superior position to assess credibility and resolve conflicts in the testimony. *Wade v. Stewart Title Guaranty Co.*, 2017 IL App (1st) 161765, ¶ 59.

¶ 21 In this case, the trial court found that Sandoval was not credible. Specifically, the court did not believe his testimony that he did not provide input on the selection of the flooring. The

court also found that he was not familiar with industry standards on the installation of the flooring. The court further found that Sandoval was evasive during cross-examination and failed to provide competent and credible evidence of the value of the work performed. Thus, the court found that Sandoval did not perform as required by the contract.

¶ 22 Sandoval does not contest those findings on appeal. Thus, he has forfeited any claim that they were against the manifest weight of the evidence. See *BAC Home Loans Servicing, L.P. v. Mitchell*, 2014 IL 116311, ¶ 23. Even if he had, they were not against the manifest weight of the evidence. Our review of the record does not show that the opposite conclusion was clearly apparent.

¶ 23 Because the trial court correctly found that Sandoval did not prove that he properly installed the flooring, he failed to establish a necessary element of his contract claim. Accordingly, he was not entitled to recover on his breach-of-contract claim. Thus, on that basis the trial court properly denied Sandoval relief.

¶ 24 That leaves the counterclaim. Again, because Sandoval does not challenge the ruling on the counterclaim, he has forfeited it. See *Mitchell*, 2014 IL 116311, ¶ 23. Were we to address it, the finding that Medeiros proved her counterclaim was not against the manifest weight of the evidence. As the trial court found, the evidence showed that the floor was defectively installed and that the undisputed replacement cost was $8887. Thus, the court properly entered judgment for Medeiros on her counterclaim.

¶ 25                                    III. CONCLUSION

¶ 26 For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 27 Affirmed.