KNOLLS CONDOMINIUM ASSOCIATION, Plaintiff-Appellant, v. ROBERT L. CZERWINSKI, Defendant-Appellee.

Second District    No. 2—00—0003

Opinion filed May 10, 2001.

David J. Freeman, of Moss & Bloomberg, Ltd., of Bolingbrook, for appellant.

Robert L. Czerwinski, of Plainfield, appellee *pro se.*

JUSTICE BYRNE delivered the opinion of the court:

Plaintiff, Knolls Condominium Association, appeals from the trial court's *sua sponte* order dismissing plaintiff's complaint against defendant, Robert L. Czerwinski. We reverse and remand.

On October 18, 1999, plaintiff filed a complaint in forcible entry and detainer against defendant. The complaint alleges that plaintiff is entitled to possession of a certain condominium unit, defendant has unlawfully withheld possession of the unit, and plaintiff is entitled to recover $2,573.26 for unpaid maintenance assessments. On November 8, 1999, plaintiff served the summons and the complaint upon defendant.

On November 23, 1999, the return date on the summons, plaintiff's counsel appeared in court, but defendant did not. Counsel for plaintiff tendered to the trial court the 30-day notice plaintiff served upon defendant. The 30-day notice bore a stamped signature of plaintiff's attorney. Appearing directly below the stamped signature, the proof of service contained the handwritten signature of another person and was notarized. The trial court expressed concern about whether a stamped signature is authentic and can properly be notarized. Accordingly, the trial court refused to accept the notice and dismissed the complaint *sua sponte*.

On December 10, 1999, plaintiff moved for reconsideration of the dismissal. Plaintiff noted that the notary verified the signature on the proof of service, not the signature on the 30-day notice. Also, plaintiff asserted that the stamped facsimile signature was sufficient to comply with section 9—104.1 of the Code of Civil Procedure (Code) (735 ILCS 5/9—104.1 (West 1998)). On December 21, 1999, the trial court stated that it would not accept stamped signatures and denied the motion. Plaintiff timely appealed.

Defendant has not filed an appellee's brief here. Because the record is short and the claimed error is such that we can easily decide the issue without the aid of an appellee's brief, we will address the merits of the appeal pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

■ Although the trial court did not state the legal basis for its dismissal, it essentially concluded that plaintiff's claim was barred by other affirmative matter (an invalid 30-day notice) avoiding the legal effect of the claim. Therefore, the order here is akin to a dismissal pursuant to section 2—619(a)(9) of the Code (735 ILCS 5/2—619(a)(9) (West 1998)). Accordingly, we will review the trial court's ruling *de novo*. *Downey v. Wood Dale Park District*, 286 Ill. App. 3d 194, 200 (1997).

■ Section 9—102(a)(7) of the Code provides that a forcible entry and detainer action may be maintained when the owner of a condominium unit fails or refuses to pay when due his or her proportionate share of the common expenses of the property. 735 ILCS 5/9—102(a)(7) (West 1998). Section 9—104 of the Code requires the person seeking possession of the property in question to serve the occupant of the property with a demand for possession and further provides that the "demand shall be signed by the person claiming such possession, his or her agent, or attorney." 735 ILCS 5/9—104 (West 1998).

■ Section 9—104.1(a) of the Code contains the 30-day notice requirement. It states that, "in case of condominium property, the demand shall give *** the condominium unit owner *** at least 30

days to satisfy the terms of the demand before an action is filed. \*\*\* The demand shall be signed by the person claiming such possession, his or her agent, or attorney." 735 ILCS 5/9—104.1(a) (West 1998).

The pertinent statutory provisions require only that the demand and notice be signed. The basis for the trial court's ruling is that "signed" must be construed solely as the equivalent of "subscribed," *i.e.*, handwritten. There is no requirement that the signature on the 30-day notice be handwritten, however. Moreover:

"[I]n a variety of contexts, the law has consistently interpreted 'signed' to embody not only the act of subscribing a document, but also anything which can reasonably be understood to symbolize or manifest the signer's intent to adopt a writing as his or her own and be bound by it. This may be accomplished in a multitude of ways, only one of which is a handwritten subscription." *Just Pants v. Wagner*, 247 Ill. App. 3d 166, 173-74 (1993).

We have upheld the validity of a stamped signature in a different context. *People v. Stephens*, 12 Ill. App. 3d 215, 217-18 (1973) (search warrant was authentic even though it bore only stamped signature of magistrate). See also *Alpine State Bank v. Ohio Casualty Insurance Co.*, 733 F. Supp. 60, 63 (N.D. Ill. 1990), *rev'd on other grounds*, 941 F.2d 554 (7th Cir. 1991) (use of stamp constituted signature endorsement). As the recent enactment of the Electronic Commerce Security Act (5 ILCS 175/1—101 *et seq.* (West 1998)) reveals, alternative forms of signatures are increasingly accepted. See 5 ILCS 175/5—120(a) (West 1998) ("[W]here a rule of law requires a signature, \*\*\* an electronic signature satisfies that rule").

■ Because there was no evidence to show that the signature was not the intended act of plaintiff's attorney, that the attorney used a stamp does not affect the validity of plaintiff's 30-day notice. See *Stephens*, 12 Ill. App. 3d at 218. Therefore, the trial court should not have dismissed plaintiff's action.

Accordingly, we reverse the judgment of the circuit court of Du Page County and remand the cause for further proceedings.

Reversed and remanded.

GEIGER and CALLUM, JJ., concur.