2019 IL App (1st) 181899

No. 1-18-1899

Fourth Division
August 8, 2019

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

|  |  |  |
|---|---|---|
| MICHELLE MAYFIELD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| v. | ) | |
| | ) | No. 16 L 005859 |
| FREDERICK SMITH and JACOBY HOSKINS, | ) | |
| | ) | The Honorable |
| Defendants | ) | Moira S. Johnson, |
| | ) | Judge Presiding. |
| (Jacoby Hoskins, | ) | |
| Defendant-Appellee). | ) | |
| | ) | |

JUSTICE GORDON delivered the judgment of the court, with opinion.
Presiding Justice McBride and Justice Burke concurred in the judgment and opinion.

**OPINION**

¶ 1     The instant appeal arises from the dismissal of plaintiff Michelle Mayfield's complaint with respect to defendant Jacoby Hoskins due to improper service. Plaintiff filed a personal injury lawsuit against defendants Frederick Smith and Jacoby Hoskins after she was injured in an automobile collision. Defendant Hoskins filed a motion to quash service, claiming that he had never been served with the summons and complaint, and the motion was granted. Defendant then moved to dismiss the complaint with respect to him pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007), claiming that plaintiff had exhibited a lack of

diligence in serving him. The trial court granted the motion to dismiss, dismissing the case against defendant Hoskins with prejudice. Plaintiff appeals, and for the reasons that follow, we reverse.

¶ 2                                    BACKGROUND

¶ 3        On June 13, 2016, plaintiff filed a two-count complaint against defendants alleging that on June 22, 2014, she was a passenger in a vehicle operated by defendant Smith when Smith's vehicle struck a vehicle driven by defendant Hoskins when Hoskins attempted to turn left into a parking lot in front of Smith's vehicle, causing plaintiff to sustain injury. Plaintiff alleged that each defendant was negligent in operating his vehicle.

¶ 4        On July 8, 2016, the sheriff's office filed an affidavit of service with respect to defendant Hoskins, stating that the sheriff's office had attempted service at an address on Kingston Avenue on June 22, June 27, June 29, and July 5, but was unable to effectuate service of the summons and complaint on defendant Hoskins.

¶ 5        On August 10, 2016, the trial court entered a case management order in which Eric Gatewood was appointed as a special process server and plaintiff was ordered to issue an alias summons within 14 days. An alias summons was issued as to each defendant on September 19, 2016. A case management order dated September 20, 2016, continued the matter for a subsequent case management conference on October 18, 2016, with respect to "Proper Service." An October 18, 2016, case management order continued the matter for a subsequent case management conference on November 15, 2016, with respect to "Proper Service" and "status for alternative service."

¶ 6        On November 15, 2016, the trial court entered an order dismissing the case for want of prosecution. On December 15, 2016, plaintiff filed a motion to vacate the dismissal, claiming

that her counsel inadvertently failed to note the court date and therefore did not appear for the November 15, 2016, case management conference. In the motion, plaintiff claimed that "Plaintiff obtained service upon the Defendant Jacoby Hoskins prior to the [dismissal]." The trial court granted the motion to vacate on January 5, 2017, and reinstated the case.

¶ 7       On the same day, plaintiff filed a "Motion for Service by Special Order of Court," in which she alleged that she had been unable to serve defendant Smith because he did not reside at the address listed with the Illinois Secretary of State and neither the sheriff's office nor the special process server had been able to locate him. Plaintiff requested that the court permit her to serve defendant Smith by filing the summons and complaint with the Illinois Secretary of State, by certified mail to his last known address, and by certified mail to his automobile insurance carrier. Plaintiff's motion was granted and an alias summons was issued with respect to defendant Smith on February 22, 2017.

¶ 8       On March 1, 2017, the trial court entered a case management order continuing the matter for a subsequent case management conference on April 19, 2017, for "Appearance of Defendants"; the order also provided that "Plaintiff shall file any motion [for] default and schedule it for 4-19-17." On March 2, 2017, plaintiff filed a "Proof of Service of Process as to Defendant Frederick Smith."

¶ 9       On April 19, 2017, the trial court entered a case management order continuing the matter to May 31, 2017, for a subsequent case management conference for "Proper Service" and "Appearance of Defendants." The order also provided: "Defendants allowed leave to file appearance, answer or other pleading, [and] jury demand on or before May 17, 2017. Plaintiff to provide proof of service to Defendant Hoskins in 7 days." Defendant Smith filed an appearance, answer, and cross-claim for contribution on May 3, 2017.

¶ 10	On May 31, 2017, the trial court entered a case management order continuing the matter for a subsequent case management conference on July 12, 2017, for "Proper Service," "Appearance of Defendants," and "Discovery Status."

¶ 11	On July 12, 2017, the trial court entered a case management order providing that written discovery was to be issued by July 19, 2017, as to plaintiff and continued the matter for a subsequent case management conference on August 30, 2017, with respect to "Proper Service," "Appearance of Defendants," and "Discovery Status." Another electronic notice provides that the cause was scheduled to appear on the court's "trial setting call" on September 12, 2017.

¶ 12	On August 24, 2017, Gatewood, the special process server, filed an affidavit of service providing that he served defendant Hoskins by leaving a copy of the summons and complaint with an individual named Jonnett Hoskins on September 25, 2016, at defendant's address on Kingston Avenue and also mailed a copy of the summons and complaint to defendant on September 26, 2016. The affidavit was not notarized, and this is the first document contained in the record indicating that defendant Hoskins was served.

¶ 13	On August 30, 2017, the trial court entered a case management order continuing the matter for a subsequent case management conference on September 27, 2017, with respect to "Discovery Status" and "status on defendant Hoskins Motion to Quash Service."

¶ 14	On September 14, 2017, defendant Hoskins filed a motion to quash service, claiming that plaintiff had produced an affidavit of service in open court on July 12, 2017, which provided that Gatewood served defendant on September 25, 2016, through substitute service on his grandmother, Jonnett Hoskins. However, defendant and his grandmother denied that

defendant was ever served.[1] Attached to the motion to quash was an e-mail dated September 28, 2016, and addressed to plaintiff's attorney, which provided in full:

"Affidavit of Special Process Server

Case No. 2016-L-005859

On September 25, 2016 at 3:15pm, I Eric Gatewood went to *** S Kingston 2nd floor Chicago, IL[,] 60617 to serve Jacoby Hoskins (Defendant).

Jonnett Hoskins current resident stated the defendant is her grandson, he does reside at the above address, but he's not home at the moment. She received a copy of the summons and complaint for Jonnett [*sic*] Hoskins (Defendant).

I delivered a true and correct copy of the summons and complaint to Jacoby Hoskins (Defendant).

On September 26, 2016, I mailed a copy of the summons and complaints [*sic*] to Jacoby Hoskins (Defendant).

Pursuant to Illinois Code of Civil Procedure 735 ILCS 5 1-109, under penalty of prejury [*sic*], the undersigned certifies that the statements made herein are true and accurate to the best of my knowledge.

Eric Gatewood

Process Server Signature"

¶ 15    Also attached to the motion to quash was the affidavit of defendant, which was dated August 30, 2017, and was similarly certified under section 1-109 of the Code of Civil Procedure (Code) (735 ILCS 5/1-109 (West 2016)). Defendant averred that he resided at the

---

[1]Defendant's motion to quash did not address the August 24, 2017, unnotarized affidavit of service filed by Gatewood.

Kingston Avenue address and had done so for the prior 10 years and that his grandmother, Jonnett Hoskins, did so as well. Defendant further averred that he received no service or documents related to plaintiff's lawsuit.

¶ 16    Finally, attached to the motion to quash was the affidavit of Jonnett Hoskins, which was also dated August 30, 2017, and was certified under section 1-109 of the Code. She averred that she had resided at the Kingston Avenue address for at least 60 years and had never been served with any documents related to plaintiff's lawsuit, nor had she been served with any documents on behalf of defendant, her grandson.

¶ 17    On September 27, 2017, the trial court granted defendant's motion to quash.

¶ 18    An alias summons was issued as to defendant on October 6, 2017. On November 2, 2017, Gatewood, the special process server, filed an affidavit averring that he served a copy of the summons and complaint on defendant by leaving a copy at an address on Cottage Grove with an individual named Carolyn Scott on October 14, 2017, and also mailed a copy of the summons and complaint to defendant on October 15, 2017.

¶ 19    On November 15, 2017, the trial court entered an order dismissing the case for want of prosecution. On November 20, 2017, plaintiff filed a motion to vacate the dismissal and, on November 30, 2017, the trial court granted the motion to vacate and reinstated the case.

¶ 20    On January 30, 2018, defendant Hoskins filed an appearance and, on the same day, filed a motion to dismiss the case pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007), claiming that plaintiff had exhibited a lack of diligence in serving defendant. Attached to the motion to dismiss was, *inter alia*, an affidavit dated January 17, 2018, and certified under section 1-109 of the Code, in which a claim representative for State Farm averred that on February 28, 2017, he received correspondence from plaintiff's attorneys claiming that

they had served defendant and that on April 10, 2017, he informed defendant's attorney about the communication.

¶ 21    Also attached to the motion to dismiss was the affidavit of defendant's attorney, which was dated January 17, 2018, and was certified under section 1-109 of the Code, and in which the attorney averred that he discussed the lawsuit with defendant on April 10, 2017, and defendant informed him that defendant had not been served.

¶ 22    On March 6, 2018, plaintiff filed a response to the motion to dismiss, alleging that she had been diligent in serving defendant. Attached to the response were several affidavits by Gatewood. First was the September 28, 2016, e-mail certification sent to plaintiff's attorney, in which Gatewood averred that he served defendant on September 25, 2016, by serving his grandmother. Second was the unnotarized affidavit filed August 24, 2017, in which Gatewood again stated that he served defendant on September 25, 2016, by serving his grandmother. There were also two affidavits that had not previously been filed. The first was an affidavit of service by Gatewood, notarized on March 6, 2018, in which Gatewood averred that he served defendant on September 25, 2016, by serving his grandmother. The second was another affidavit by Gatewood, notarized on March 6, 2018, in which Gatewood averred:

        "On September 25, 2016 at 3:15pm, I Eric Gatewood went to *** Kingston 2nd floor Chicago IL 60617 to serve Jacoby Hoskins (Defendant). Jonnett Hoskins current resident stated the defendant is her grandson, he does reside at the above address, but he's not home at the moment. She received a copy of the summons and complaint for Jacoby Hoskins (Defendant). I delivered a true and correct copy of the summons and

complaint to Jacoby Hoskins (Defendant). On September 26, 2016, I mailed a copy of the summons and complaint to Jacoby Hoskins (Defendant)."

The final affidavit was Gatewood's November 2, 2017, affidavit, in which he averred that he served defendant on October 14, 2017, by serving an individual named Carolyn Scott at defendant's residence.

¶ 23     On April 18, 2018, the trial court entered an order dismissing defendant from the lawsuit with prejudice pursuant to Rule 103(b). The order provided that the matter would continue with respect to defendant Smith,[2] but that the order was a final order pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) and that there was no just reason for delaying enforcement or appeal.

¶ 24     On May 18, 2018, plaintiff filed a motion to reconsider, claiming that the trial court erred in quashing service without a hearing and that the court erred in dismissing the case against defendant because plaintiff had been diligent in serving him. On August 2, 2018, the trial court denied the motion to reconsider and again included Rule 304(a) language finding that there was no reason to delay enforcement or appeal. This appeal follows.

¶ 25                                    ANALYSIS

¶ 26     On appeal, plaintiff claims that the trial court erred in granting the motion to quash in the absence of an evidentiary hearing and that the court erred in dismissing the case against defendant pursuant to Rule 103(b). In order to enter a valid judgment, the trial court must possess both subject-matter jurisdiction and personal jurisdiction over the parties. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986); *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. The trial court acquires personal jurisdiction over a

_____

[2]On May 23, 2018, defendant Smith also filed a third-party complaint for contribution against defendant Hoskins.

defendant either through the filing of an appearance or by service of process as directed by statute. *Thill*, 113 Ill. 2d at 308; *Mitchell*, 2014 IL 116311, ¶ 18. We review the question of whether the trial court obtained personal jurisdiction over a defendant *de novo*. *Mitchell*, 2014 IL 116311, ¶ 17. *De novo* consideration means we perform the same analysis that a trial judge would perform. *People v. McDonald*, 2016 IL 118882, ¶ 32.

¶ 27        Section 2-203 of the Code governs the mode of service of summons upon an individual defendant and provides that service may be made

> "by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode." 735 ILCS 5/2-203(a)(2) (West 2016).

¶ 28        Where the method of service on a party is through substitute service, the return "must show strict compliance with every requirement of the statute authorizing such substituted service, since the same presumption of validity that attaches to a return reciting personal service does not apply to substituted service." *Thill*, 113 Ill. 2d at 309.

> "Therefore, where personal jurisdiction is based upon substituted service of a summons, the return or affidavit of service must affirmatively state (1) that a copy of the summons was left at the usual place of abode of the defendant with some person of the family of the age of 13 years or upwards, (2) that such family member was informed of the contents of the summons, and (3) that the officer or other authorized person making service sent a copy of the summons in a sealed envelope with postage

fully prepaid, addressed to the defendant at his usual place of abode." (Emphasis omitted.) *Thill*, 113 Ill. 2d at 310.

¶ 29       In the case at bar, at the time that the trial court considered defendant's motion to quash, it had two documents before it addressing service. First, on August 24, 2017, Gatewood filed an unnotarized affidavit of service providing that he served defendant Hoskins by leaving a copy of the summons and complaint with Jonnett Hoskins on September 25, 2016, at defendant's address on Kingston Avenue and also mailed a copy of the summons and complaint to defendant on September 26, 2016. Additionally, attached to the motion to quash was a copy of an e-mail dated September 28, 2016, and addressed to plaintiff's attorney, which provided in full:

> "Affidavit of Special Process Server
>
> Case No. 2016-L-005859
>
> On September 25, 2016 at 3:15pm, I Eric Gatewood went to *** S Kingston 2nd floor Chicago, IL[,] 60617 to serve Jacoby Hoskins (Defendant).
>
> Jonnett Hoskins current resident stated the defendant is her grandson, he does reside at the above address, but he's not home at the moment. She received a copy of the summons and complaint for Jonnett [*sic*] Hoskins (Defendant).
>
> I delivered a true and correct copy of the summons and complaint to Jacoby Hoskins (Defendant).
>
> On September 26, 2016, I mailed a copy of the summons and complaints [*sic*] to Jacoby Hoskins (Defendant).

Pursuant to Illinois Code of Civil Procedure 735 ILCS 5 1-109, under penalty of prejury [*sic*], the undersigned certifies that the statements made herein are true and accurate to the best of my knowledge.

Eric Gatewood

Process Server Signature"[3]

¶ 30        Each of these documents is problematic in its own way. The August 24, 2017, affidavit is not notarized and was filed nearly a year after the date of the purported service. The e-mail certification is dated within three days of the purported service but does not contain all of the required information and was never filed with the court prior to its attachment as an exhibit to the motion to quash.[4] Thus, we agree with defendant that neither document showed strict compliance with section 2-203 as required.

¶ 31        However, the failure to properly file a proof of service "does not invalidate the summons or the service thereof, if had." Ill. S. Ct. R. 102(d) (eff. Jan. 1, 2018). Our supreme court has found that "if a return or proof of service is filed which fails to fully comply with the statute, such a defective return or proof of service should not invalidate the summons or the service thereof, if had." *Thill*, 113 Ill. 2d at 312. Section 2-203(a) of the Code specifies that "[t]he certificate of the officer or affidavit of the person that he or she has sent the copy [of the summons] in pursuance of this Section is *evidence* that he or she has done so." (Emphasis added.) 735 ILCS 5/2-203(a) (West 2016). Our supreme court has found that "the affidavit

---

[3]We note that the motion to quash states that plaintiff produced an affidavit of service in open court on July 12, 2017; as the e-mail is attached to the motion to quash, we presume that this e-mail is the affidavit of service produced to defendant on that date.

[4]We do not agree with defendant that the e-mail certification "did not contain a proper signature." Under the Electronic Commerce Security Act, "[w]here a rule of law requires a signature, or provides for certain consequences if a document is not signed, an electronic signature satisfies that rule of law." 5 ILCS 175/5-120(a) (West 2016); see also *Knolls Condominium Ass'n v. Czerwinski*, 321 Ill. App. 3d 916, 919 (2001) (noting that "alternative forms of signatures are increasingly accepted").

requirement is a matter of convenience. Its purpose is similar to that of the notarized attestation clause of a witness to a will. If the return is challenged, the affidavit of return is powerful evidence that can be overcome only by a contradictory affidavit or personal testimony." *Clemmons v. Travelers Insurance Co.*, 88 Ill. 2d 469, 480-81 (1981). Our supreme court has further found that "[t]he affidavit requirement *** makes it harder for an attack upon the return of a private process server to succeed, in much the same way as does the presumption that a sheriff's return is proper. [Citation.] But failing to comply with the affidavit requirement does not necessarily render the return useless or the service void." *Clemmons*, 88 Ill. 2d at 481.

¶ 32    In the case at bar, the trial court had two documents before it concerning Gatewood's purported service on defendant—one that was certified and contemporaneous but was not filed and did not contain the requisite elements, and one that was unnotarized but was filed and did contain the required language. The lack of notarization on the affidavit weakened the evidentiary value of the document, but did not render it useless, especially where there existed an additional document pertaining to service. In opposition to these documents, defendant submitted the affidavits of defendant and his grandmother, averring that they had not been served. This contradictory evidence presented the trial court with a question of fact that it should have resolved prior to ruling on the motion to quash. Thus, we agree with plaintiff that the trial court was compelled to hold an evidentiary hearing instead of deciding the motion on the documentary evidence alone, and we must remand this case to the trial

court to do so.[5] See *Thill*, 113 Ill. 2d at 312 (finding that the appellate court properly remanded for an evidentiary hearing on the issue of service).

¶ 33　　　　Since the trial court erred in granting the motion to quash without holding an evidentiary hearing, we must also find that the trial court erred in dismissing the complaint due to lack of diligence in serving defendant. Rule 103(b) provides for dismissal of a complaint where a plaintiff fails to exercise reasonable diligence to obtain service on a defendant. Ill. S. Ct. R. 103(b) (eff. July 1, 2007). In the case at bar, as noted, the trial court could not determine whether defendant had been properly served without holding an evidentiary hearing. Accordingly, we have no need to consider whether a Rule 103(b) dismissal is appropriate under the circumstances of this case.

¶ 34　　　　　　　　　　　　　　　　CONCLUSION

¶ 35　　　　The trial court erred in granting defendant's motion to quash service without an evidentiary hearing where there was evidence presented on both sides of the issue of service. Consequently, its subsequent dismissal of plaintiff's complaint as to defendant must also be reversed.

¶ 36　　　　Reversed and remanded.

---

[5]While defendant claims that plaintiff did not challenge the motion to quash, pointing to the lack of a written response, plaintiff claims in her reply brief that she orally opposed the motion, and we accept this representation.

**No. 1-18-1899**

| | |
|---|---|
| **Cite as:** | *Mayfield v. Smith*, 2019 IL App (1st) 181899 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 16-L-005859; the Hon. Moira S. Johnson, Judge, presiding. |
| **Attorneys for Appellant:** | Michael G. Kelly, of Chadwick & Lakerdas, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Bruce Farrel Dorn & Associates, of Chicago (Ellen J. O'Rourke and James L. Byrne, of counsel), for appellee. |