2023 IL App (1st) 221412-U

No. 1-22-1412

Order filed August 23, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ROSELLA ELLIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 M1 124110 |
| | ) | |
| THE REGIONAL TRANSPORTATION AUTHORITY, | ) | |
| *et al.*, | ) | Honorable |
| | ) | James T. Derico Jr. |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE R. VAN TINE delivered the judgment of the court.
Justices Reyes and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's judgment where plaintiff has not presented a sufficient record for our review of her claims.

¶ 2    Plaintiff Rosella Ellis appeals *pro se* from the circuit court's order that dismissed with prejudice her *pro se* complaint against defendant, the "Regional Transportation Authority, *et al.*" On appeal, plaintiff argues that the circuit court failed to review her complaint and the cause should be remanded for trial. We affirm.

¶ 3    The record on appeal lacks a report of proceedings. The following facts are gleaned from the limited record on appeal, which includes the circuit court's docket entries, plaintiff's *pro se* complaint, and the circuit court's orders.

¶ 4    On November 12, 2021, plaintiff filed a *pro se* complaint against defendant Regional Transportation Authority (RTA), alleging that it was "derelict in its duties," "[f]ails to provide free accommodations to all riders who qualify," and "breached its contract" despite having a duty to "provide these services."

¶ 5    On May 4, 2022, the circuit court entered an order scheduling a prove-up hearing for June 6, 2022.

¶ 6    On June 3, 2022, plaintiff filed a "Prove-Up Report." Plaintiff alleged, first, that RTA issued permits for free rides on the Chicago Transit Authority, Metra, and Pace; although plaintiff qualified for free rides, she had paid Pace fares "for the last 13 years." Plaintiff attached a copy of her "Ride Free Permit," which lists defendant RTA, and also lists the Chicago Transit Authority, Metra, and Pace, with an expiration date of April 30, 2024. Plaintiff also attached a copy of the back of a Ventra card and a record of her trips on public transportation between January 2016 and August 2021.

¶ 7    Next, plaintiff alleged that the presence of fire extinguishers on Pace's handicap buses suggests the buses are unsafe and questioned whether the fire extinguishers are checked for functionality. Plaintiff further claimed that the handicap buses lack shock absorbers and, as a result, "you feel every bump" and "almost fall off your seat." Finally, plaintiff asserted that defendant discriminated against handicapped and elderly individuals. Plaintiff maintained that defendant had "mentally and emotionally scarred" her and that her claims supported a class action. She sought

damages totaling $30,000 for "[w]illful," "[d]eliberate," and "[i]intentional" instances of "discrimination and exploitation."

¶ 8    On June 17, 2022, plaintiff filed a motion for default judgment alleging that defendant had not filed an appearance "in the time required by law."[1]

¶ 9    On September 7, 2022, the circuit court entered a form order stating, "case dismissed w/ prejudice for failure to state a claim against the [n]amed [d]efendant." A checked box reflects that plaintiff, but not defendant, was present in court. Another check appears by the phrase, "See Attached Order." No such order appears in the record.

¶ 10    On September 16, 2022, plaintiff filed a timely notice of appeal.

¶ 11    On May 23, 2023, this court entered an order taking the case on the record and plaintiff's *pro se* brief only as defendant did not file a brief in the time prescribed by the supreme court rules. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 12    On appeal, plaintiff argues that the circuit court failed to review her complaint and the cause should be remanded for trial.

¶ 13    As a preliminary matter, our review of plaintiff's appeal is hindered by her failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although plaintiff

---

[1] While not dispositive to our resolution of this appeal, we note that defendant did not file an appearance in the circuit court or in this court. The record reflects that, during proceedings below, plaintiff repeatedly attempted to serve process on defendant at 1200 New Jersey Avenue, Washington, D.C., 20590, the address of the United States Department of Transportation. See Directions to DOT Headquarters, available at https://www.transportation.gov/directions (last visited Aug. 8, 2023); *Leach v. Department of Employment Security*, 2020 IL App (1st) 190299, ¶ 44 (information on government website is subject to judicial notice). In this court, plaintiff mailed her notice of appeal and brief to defendant at the same address in Washington, D.C.

is a self-represented litigant, this status does not lessen her burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 14     Here, the statement of facts in plaintiff's brief on appeal consists solely of two sentences of argument. Her argument section similarly consists of only two sentences and does not include legal authority or citations to the pages of the record. "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Accordingly, to the extent that plaintiff's brief fails to comply with Supreme Court Rule 341(h)(7), her arguments are forfeited.

¶ 15     Considering the content of plaintiff's brief, it would be within our discretion to dismiss her appeal. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32 (this court has the discretion to dismiss an appeal where the appellant's brief fails to comply with Supreme Court Rule 341). However, we choose not to dismiss the appeal on that ground. See *id*. That said, the deficiencies in the record still prevent us from reaching this appeal on the merits.

¶ 16    On appeal, the appellant, in this case plaintiff, has the burden to provide a complete record for review in the appellate court to support her claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id*. at 392. This is because, in order to determine whether there was actually an error, a reviewing court must have a record before it to review. *Id*.

¶ 17    Here, the record on appeal includes a form order dated September 7, 2022, which reflects that plaintiff, but not defendant, appeared in court and that the case was dismissed with prejudice due to plaintiff's failure to state a claim against defendant. A check appears by the phrase, "See Attached Order," but no other order appears in the record. The record also lacks a report of proceedings or an acceptable substitute such as a bystander's report or agreed statement of facts pursuant to Illinois Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a transcript or an acceptable substitute, we have no knowledge of what arguments were presented and no record of the circuit court's evidentiary or other rulings. Under these circumstances, we must presume that the court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). Consequently, we have no basis for disturbing the circuit court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 18    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 19    Affirmed.