2026 IL App (1st) 242181-U

FOURTH DIVISION
Order filed: April 30, 2026

No. 1-24-2181

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES, *ex rel.*, KIMBERLY D. MILLER, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Petitioner-Appellee, | ) ) | |
| | ) | No. 14 D 90427 |
| v. | ) ) | |
| JAMES E. STROUD, JR., | ) ) | Honorable Maritza Martinez, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE QUISH delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellant's post-judgment challenge to personal jurisdiction asserting defective service of process was properly denied when the appellant expressly waived any defects in service.

¶ 2    Respondent James E. Stroud, Jr. appeals an order denying his combined motion to vacate a permanent support order and petition to dismiss an action for child support filed by petitioner Illinois Department of Healthcare and Family Services ("Department") on behalf of Kimberly D. Miller. In the combined filing, Stroud argued that the support judgment was void and the case must

be dismissed because the court lacked personal jurisdiction over him due to defective service of process. For the following reasons, we affirm.

¶ 3 On October 15, 2014, the Department filed a petition on Miller's behalf under the Uniform Interstate Family Support Act ("UIFSA") (750 ILCS 22/100 *et seq.* (West 2014)) seeking to establish Stroud's paternity of Miller's child ("the child") and to establish retroactive child support, prospective child support, and medical support. The Cook County Sheriff's Office personally served the petition on Stroud at 5:40 p.m. on October 20, 2014, at 8558 S. Burnham Avenue in Chicago and filed proof of such service with the court. The record establishes that subsequent filings and orders were also served on Stroud by mail at the Burnham address. On December 16, 2014, the circuit court ordered both Miller and Stroud to submit to genetic testing within 30 days to confirm his paternity of the child. On March 10, 2015, the court entered an order for prove-up in which it noted that Stroud had not completed the required genetic testing or filed an appearance or answer and that "mail was returned." The court again required the parties to submit to genetic testing. The May 5, 2015, order noted that Stroud was personally served on October 20, 2014, but had not appeared or answered the petition. On July 21, 2015, the court entered a body attachment order directing the Sheriff of Cook County to seize Stroud and bring him before the court. The order noted that Stroud had "failed to comply with genetic test orders entered 12-16-14 and 3-10-15 despite proper notice" and added that, "[i]f [Stroud] is taken into custody, the Sheriff/law enforcement agent may release [him] after [he] shall submit to genetic testing."

¶ 4 More than seven years later, on January 5, 2023, the circuit court vacated the body attachment order because "[Stroud] appeared today having submitted to genetic testing." On March 15, 2023, the court entered an order of parentage in which it found that Stroud was

personally served and noted that both Stroud and his attorney were present and that Stroud "has appeared and waived any defects in process." The order also noted that Stroud received a copy of the genetic test results and was advised of his rights to trial. Also on March 15, the court entered a separate Uniform Order for Support directing Stroud to begin paying $100 per month in temporary support. The court noted that it had jurisdiction over the parties based on personal service, and it checked boxes indicating that Stroud was present at the hearing with the Assistant State's Attorney and that the temporary support was "[b]y agreement of the parties." The court further noted in a narrative section that "[t]his is an agreed temporary support order," Stroud was served by personal service on October 20, 2014, and "[Stroud] and his attorney were present today." The order reserved the issues of retroactive support and medical support for future proceedings.

¶ 5    On March 31, 2023, counsel for Stroud filed an appearance. Stroud then appeared with his counsel at hearings on May 22, June 30, August 7, and September 22, 2023. On each of these dates, the corresponding orders show that Stroud asked for continuances to exchange financial information with the Assistant State's Attorney, which the court granted. During that period, Stroud participated in discovery, exchanged financial documents, and never challenged the court's jurisdiction. Every order noted that the court had jurisdiction over the parties and subject matter and referenced the personal service on Stroud on October 20, 2014. At no time before May 8, 2024, did Stroud contest any of those findings.

¶ 6    On October 27, 2023, with Stroud and his attorney both present, the circuit court entered a Uniform Order for Support imposing a $91,587 retroactive support judgment against Stroud and ordering him to make monthly payments of $929, with $729 going to prospective support and $200 going to arrearages. A completed Illinois Child Support Guideline Calculation form, which was

prepared by Stroud's attorney and which calculated the exact amounts of child support owed, was attached to the order. Stroud's attorney appeared at the January 10, 2024, status hearing as well.

¶ 7    On January 25, 2024, new counsel substituted in for Stroud. On May 8, 2024, Stroud filed a combined motion to dismiss the action and petition to vacate the court's October 27 order pursuant to sections 2-301 and 2-1401 of the Code of Civil Procedure ("Code") (735 ILCS 5/2-301, 2-1401 (West 2024)). Stroud alleged that he was never served with the Department's petition or summons in 2014, he never resided at the address where service was purportedly completed, and he was with his daughter at an address on 111th Street in Chicago at the time of service. Stroud supported those allegations with attached affidavits from himself, his wife, his daughter, and his father. In the motion to dismiss, Stroud argued that the court's "judgment" should be dismissed under section 2-301 because he had not been properly served and had not otherwise submitted to the court's jurisdiction, rendering the judgment void *ab initio*. In his petition to vacate, Stroud asserted that, due to the alleged defect in the service of process, the judgment should be vacated under section 2-1401. Stroud contended that he acted with due diligence and had a meritorious defense because child support payments begin with the date the summons is served and he never received service of the summons. Stroud also asserted the defense of laches, arguing that the Department unreasonably delayed bringing and notifying him of the action. Stroud asked the court to vacate the October 27, 2023, judgment and dismiss the action. He did not ask for an evidentiary hearing.

¶ 8    In its response, the Department argued that, as a matter of law, Stroud had consented to the court's jurisdiction by appearing at hearings, agreeing to temporary support, and participating in

discovery. In his reply, Stroud argued that a party can only waive a jurisdictional objection by filing a motion or responsive pleading, neither of which he had done.

¶ 9    On October 7, 2024, the circuit court held a hearing on Stroud's combined motion and petition. Stroud asked to call witnesses to testify regarding the defective service and the court's consideration of certain statutory factors when setting Stroud's support obligation. The court denied Stroud's combined motion and petition and his request to present testimony. This appeal follows.

¶ 10    On appeal, Stroud contends that the circuit court's denial of his combined motion to dismiss and petition to vacate was erroneous because he had not been properly served with the Department's petition and summons, precluding the court from obtaining personal jurisdiction over him and rendering the body attachment order and the subsequent support judgment void. He further argues that he did not waive his jurisdictional objection through his involvement in the case.

¶ 11    Although Stroud labels his motion as a combined motion to dismiss and section 2-1401 petition, the motion was filed more than 30 days after the entry of the October 27, 2023, judgment being challenged and argues that the judgment was void for lack of personal jurisdiction. Thus, in substance, it is a section 2-1401 petition. See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 101-106 (2002). We have jurisdiction to review that order under Illinois Supreme Court Rule 304(b)(3) (eff. Mar. 8, 2016). See also *Sarkissian*, 201 Ill. 2d at 101-06.

¶ 12    "To enter a valid judgment, a court must have both jurisdiction over the subject matter and jurisdiction over the parties." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17 (citing *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989)). "A judgment entered by a court

without jurisdiction over the parties is void and may be challenged at any time, either directly or collaterally." *Id.* (citing *Verdung*, 126 Ill. 2d at 547). "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *Id.* ¶ 18 (citing *Verdung*, 126 Ill. 2d at 547). A party's explicit waiver of improper service constitutes voluntary submission to the court's jurisdiction. See *People v. Maiden*, 2013 IL App (2d) 120016, ¶ 27. "We review *de novo* whether the circuit court obtained personal jurisdiction." *BAC Home Loans Servicing, LP*, 2014 IL 116311, ¶ 18 (citing *In re Detention of Hardin*, 238 Ill. 2d 33, 39 (2010)). The same standard applies when a section 2-1401 petition has been denied without an evidentiary hearing. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007); *Municipal Trust and Savings Bank v. Moriarty*, 2021 IL 126290, ¶ 18. Additionally, section 2-1401 petitions challenging a judgment on voidness grounds do not need to show a meritorious defense and due diligence. *Sarkissian*, 201 Ill. 2d at 104.

¶ 13 The issue before us is whether Stroud voluntarily submitted to the court's jurisdiction and waived his jurisdictional objection. Stroud argues that, following an amendment in 2000 that removed the distinction between special and general appearances, section 2-301 now "provides for waiver *only if* the defendant files a *pleading* or a *motion* (other than one seeking an extension of time to answer or otherwise appear)." (Emphasis in original.) *KSAC Corp. v. Recycle Free, Inc.*, 364 Ill. App. 3d 593, 597 (2006). Stroud contends that, because he did not file a pleading or a motion, he did not waive his jurisdictional objection. Based on the facts of this case, we disagree.

¶ 14 We find that Stroud expressly waived any defect in service and submitted himself to the court's jurisdiction as reflected in the court's March 15, 2023, order of parentage. In that order, the circuit court specifically held that Stroud had appeared with counsel and had "waived any

defects in process." Stroud never filed a motion to vacate this finding or otherwise objected to it. Stroud has not provided a transcript or any other suitable record of that hearing and has not presented any reason to question the finding of waiver. It is well established that, "[w]ithout an adequate record preserving the claimed error, the reviewing court must presume the circuit court had a sufficient factual basis for its holding and that its order conforms with the law." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005) (citing *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001)). Further, "[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). These principles apply equally to form orders. See *Ellis v. Regional Transportation Authority*, 2023 IL App (1st) 221412-U, ¶ 17. Stroud has not presented any evidence calling the court's finding into question, so we must assume it is correct. Based on this March 15, 2023, order, Stroud submitted himself to the court's jurisdiction, and all subsequent orders, including the October 27, 2023, judgment, are not void. See *BAC Home Loans Servicing, LP*, 2014 IL 116311, ¶ 43 (holding that a waiver of a jurisdictional objection operates prospectively). Thus, the circuit court correctly denied his motion and section 2-1401 petition. See *Taylor, Bean, & Whitaker Mortgage Corp. v. Cocroft*, 2018 IL App (1st) 170969, ¶ 60 (stating that the appellate court "may affirm on any basis appearing in the record, whether or not the trial court relied on that basis or its reasoning was correct").

¶ 15 Additionally, nothing in the record of the ensuing proceedings suggests that the court's finding of express waiver was inaccurate. Rather, after the March 15 hearing, Stroud consistently appeared at subsequent hearings with his counsel and participated in the resolution of the merits of the case, including agreeing to pay temporary support and asking the court for continuances to exchange financial information, without raising any issue regarding the service of process or

otherwise contesting personal jurisdiction. Accordingly, we find that Stroud expressly waived any defect in the service of process, which defeats his jurisdictional objection. The circuit court did not err in denying Stroud's combined motion and petition.

¶ 16    To the extent that Stroud raises an alternative argument that he met all of the elements of a traditional section 2-1401 petition challenging a judgment on factual grounds (see *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶¶ 36-41 (discussing the differences between section 2-1401 petitions raising factual and legal challenges)), we reject it, finding that Stroud did not act with due diligence in raising this defense or filing the petition. To be entitled to relief under section 2-1401 based on a factual challenge to a final judgment, "the petition must set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." *Id.* ¶ 37 (citing *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986)).

¶ 17    Stroud asserts that he demonstrated due diligence because he was never served with the summons and petition and "never had an opportunity to present the claim or defense" and because his new counsel filed his combined motion and petition less than two months after substituting into the case. However, regardless of whether he was properly served, Stroud knew of the facts supporting his argument when he began actively participating in the case through prior counsel in March 2023, yet he did not file his petition until nearly 14 months later in May 2024. Such a delay shows that Stroud did not act with due diligence in filing his petition. See *McGinley Partners, LLC v. Royalty Properties, LLC*, 2020 IL App (1st) 190546, ¶ 54 (finding a lack of due diligence in presenting a 2-1401 petition when the defendants knew of the facts supporting the petition 11

months earlier). Further, Stroud's change of counsel does not excuse his failure to act in a timely manner. See *Ameritech Publishing of Illinois, Inc. v. Hadyeh*, 362 Ill. App. 3d 56, 59-60 (2005) (noting that, absent extraordinary circumstances, parties are generally bound by the mistakes of their attorneys). Also, the record shows that he had prior opportunities to present his defenses for the 14 months in which he participated in the case. Thus, his section 2-1401 petition fails.

¶ 18    There remain two final matters to address. First, Stroud attempts to challenge the circuit court's body attachment order on several grounds. However, any alleged defects in the body attachment order became moot when the circuit court vacated that order after Stroud appeared and submitted to genetic testing. See *Felzak v. Hruby*, 226 Ill. 2d 382, 391-92 (2007) (explaining that the vacation of a contempt order moots any appeal of that order). Indeed, our reversal of the court's body attachment order would have no practical effect because the order has already been vacated and it had no bearing on the October 27, 2023, judgment that Stroud contested in his combined motion and petition. See *Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 376 (2004) ("An issue is moot if the interests and rights of the parties are no longer in controversy and the resolution of the issue will have no practical effect.").

¶ 19    Stroud nonetheless argues, for the first time in his reply brief, that the body attachment order is relevant to the issue of whether the temporary support order entered on March 15, 2023, can properly be characterized as an agreed order and whether he therefore submitted to the court's jurisdiction at that time. He asserts that he only agreed to pay temporary support to avoid further detention. First, Stroud forfeited this argument by raising it for the first time in his reply brief. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Asher Farm Ltd. Partnership v. Wolsfeld*, 2022 IL App (2d) 220072, ¶ 38. Second, the body attachment order did not compel Stroud to agree to pay

support. Rather, it expressly stated that he would be released upon his submission to genetic testing. Once that testing was complete, the order authorized his release and commanded nothing else from him. Thus, even if the issue was not moot, there is no merit to his argument.

¶ 20    Lastly, Stroud asserts that the circuit court erred in not allowing him to present testimony at the hearing on his combined motion to dismiss and petition to vacate. He contends that an evidentiary hearing must be held when the facts underlying a section 2-1401 petition are in dispute. See *Airoom, Inc.*, 114 Ill. 2d at 223. However, in its response to his combined motion and petition, the Department did not raise any factual disputes. Instead, it argued that, as a matter of law, Stroud's actions and the court's uncontested orders demonstrated that he had submitted to the court's jurisdiction and had waived his jurisdictional objection. Accordingly, the issues in dispute were purely legal and an evidentiary hearing was not required.

¶ 21    Furthermore, to the extent that Stroud sought to present testimony in support of his argument that the circuit court erred in applying the statutory factors for determining the amount of retroactive child support owed under section 802(e) of the Illinois Parentage Act (750 ILCS 46/802(e) (West 2022)), he forfeited any argument on that issue by not raising it earlier. Stroud and his counsel were present and participated at the hearing on October 27, 2023, and Stroud did not move for reconsideration or file an appeal of that judgment. A section 2-1401 petition is not the proper vehicle for challenging alleged legal errors and is not a substitute for an appeal. *Niemerg v. Bonelli*, 344 Ill. App. 3d 459, 466 (2003). Additionally, as noted earlier, we do not have a transcript of the October 27, 2023, hearing, leaving Stroud unable to demonstrate error. See *Foutch*, 99 Ill. 2d at 391-92. Accordingly, the circuit court did not err in denying Stroud's request to present testimony at the hearing on his combined motion and petition.

¶ 22     For the foregoing reasons, we affirm the circuit court's order denying Stroud's combined motion to dismiss and petition to vacate.

¶ 23     Affirmed.